IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

AMY HALFMANN, *et al.*,

     Plaintiffs,

v.

2:25-CV-212-Z-BR

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY, *et al.*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nationwide Agribusiness Insurance Company's Unopposed Motion to Dismiss ("Motion"), filed November 3, 2025. ECF No. 16. Nationwide files the instant Motion to dismiss claims against Defendants Duane Collins and Nanci (Nikki) Haak "because Nationwide properly and timely elected liability for Collins and Haak pursuant to Texas Insurance Code § 542A.006 following inception of this suit." *Id.* at 1. Having reviewed the Motion, briefing, and relevant law, the Motion is **GRANTED**. All of Plaintiffs' claims in this matter against Defendants Duane Collins and Nanci (Nikki) Haak are **DISMISSED with prejudice**.

### BACKGROUND

This suit arises from an insurance claim for alleged wind and hail damage to Plaintiffs' farm properties. ECF No. 16 at 1. Plaintiffs allege that Defendants Collins and Haak, assigned by Nationwide to handle Plaintiffs' claims, "greatly undervalued the storm damage" and "failed to pay for the full and proper repair of the covered damages" to the properties. *Id.*; ECF No. 1-1 at 7. As a result, Plaintiffs assert causes of action for "breach of contract, violations of Chapter 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against Nationwide only." ECF No. 16 at 2.

Before removing the case to federal court, Nationwide advised Plaintiffs that "pursuant to Texas Insurance Code § 542A.006, Defendant Nationwide Agribusiness Insurance Company hereby provides written notice of its election to accept whatever liability [Collins and Haak] might have to your client for their acts or omissions related to the insurance claim at issue in the above-referenced case." *Id.* Then, after removal, Nationwide argued that "Collins and Haak were improperly joined in this case because Nationwide elected responsibility for them prior to removal." *Id.* Accordingly, Nationwide believes that "no cause of action exists against Collins and Haak and Texas law requires Plaintiffs' claims against Collins and Haak to be dismissed with prejudice." *Id.*

### LEGAL STANDARD

Chapter 542A of the Texas Insurance Code applies to claims made by an insured "under an insurance policy providing coverage for real property or improvements to real property" and which "arise[] from damage to or loss of covered property caused, wholly or partly, by forces of nature." TEX. INS. CODE ANN. § 542A.001(2). Specifically, Section 542A.006 provides that an insurer "may elect to accept whatever liability an agent might have to [a] claimant for the agent's acts or omissions related to [a] claim by providing written notice to the claimant." TEX. INS. CODE ANN. § 542A.006(a). If an insurer elects to accept its agent's liability after an action is initiated, the statute mandates that "the court *shall* dismiss the action against the agent with prejudice." *Id.* § 542A.006(c) (emphasis added).

### ANALYSIS

Here, Texas Insurance Code Chapter 542A governs Plaintiffs' claims, as they arise from alleged property damage caused by severe wind and a hailstorm during the period Nationwide insured the property. Both Collins and Haak constitute "agents" as defined under Section 542A.001. TEX. INS. CODE ANN. § 542A.001(1) (defining "agent" as "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer").

2

Because Nationwide elected to accept any legal liability on behalf of Collins and Haak, in compliance with Chapter 542A, Plaintiffs' causes of action against Collins and Haak are negated as a matter of law. *See* TEX. INS. CODE ANN. § 542A.006(b). Thus, Plaintiffs' claims against Collins and Haak must be dismissed with prejudice under Texas law. Plaintiffs are unopposed to this relief. ECF No. 16 at 5.

CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. All of Plaintiffs' claims in this matter against Defendants Duane Collins and Nanci (Nikki) Haak are **DISMISSED with prejudice**.

SO ORDERED.

November _10_ 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3